IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEANETTA LEE,

  Plaintiff,

v.                                                        Case No. 3:18-cv-00508-REP

HENRICO COUNTY,

  Defendant.

## BRIEF IN SUPPORT OF MOTION TO STRIKE SUBSTANTIVE CHANGES TO ERRATA SHEET

### I. INTRODUCTION

In an effort to survive the County of Henrico's ("the County") Motion for Summary Judgment, Jeanetta Lee ("Lee") has submitted an errata sheet to her deposition transcript that contains significant substantive changes. Specifically, Lee seeks to add to her deposition testimony that she "did not trust" the County's grievance procedure, and to contradict her sworn deposition testimony that she did not believe Paula Reid ("Reid"), Director of Human Resources, intentionally discriminated against her. Lee seeks to change her clear and unambiguous, "No, I do not" response to the question as to whether she believed Reid discriminated against her to, "Yes, I believe it was intentional, but not malicious." As these changes exceed the scope of permissible changes under Rule 30(e) of the Federal Rules of Civil Procedure as outlined by this very Court in *EI du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 277 F.R.D. 286 (E.D. Va. 2011), and are also procedurally defective, the Court should strike the substantive changes on Lee's errata sheet.

1

## II. FACTS

The County took Lee's deposition on January 18, 2019. At the conclusion of the deposition, Lee requested to read and sign her deposition transcript. (Lee dep. 159:21-160:13 (dated Jan. 18, 2019), attached as Ex. A.) The court reporter prepared the expedited transcript and provided it to counsel on January 22, 2019. On January 28, 2019, the County filed its Motion for Summary Judgment and Brief in Support, arguing that Lee cannot prevail on her claim of racial discrimination for failure to promote. (ECF Docs. 37-38.)

On February 7, 2019, Lee executed the errata sheet and signature page for her deposition. (Errata sheet and signature page, attached as Ex. B.) The errata sheet made approximately eighteen typographical changes and two substantive changes. The deposition transcript at page 99, reads as follows:

> Q: Were you aware that there's a grievance procedure, and do you know whether this concern you had would have been appropriate for filing a grievance?
>
> A: I was aware. And it probably would have been appropriate, but I didn't feel comfortable.

(Lee dep. 99:5-10.) Lee's errata sheet states, "I think I also added, I didn't trust it." (Ex. B.) Later in the deposition, the transcript reads as follows:

> Q: Okay. Let me ask you this question going back, with respect to Paula Reid, you don't have any reason to believe that Paula Reid intentionally discriminated against you; do you?
>
> A: No, I do not. . . .

(Lee dep. 141:19-142:1.) Lee's errata sheet requests that this be changed to "Yes, I believe it was intentional, but not malicious." (Ex. B.)

On February 12, 2019, Lee filed her Opposition to Motion for Summary Judgment in which she relies upon the substantive changes on her errata sheet to argue that she was subjected to intentional racial discrimination. (ECF Doc. 40, at 7, ¶ 30.)

### III. ARGUMENT

The Federal Rules of Civil Procedure provide that,

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A)  to review the transcript or recording; and
>
> (B)  if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

Lee's errata sheet does not comport with Rule 30(e)(B), as she did not provide the reasons for making the requested changes. As this Court has noted, "To effectuate Rule 30's policy of accuracy, courts generally insist on strict adherence to the technical requirements of this provision. *EI du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 277 F.R.D. 286, 294-95 (E.D. Va. 2011) (citing *Holland v. Cedar Creek Min., Inc.*, 198 F.R.D. 651, 652-53 (S.D. W. Va. 2001); *EBC, Inc. v. Clark Bldg. Systems, Inc.*, 618 F.3d 253, 265 (3d Cir. 2010)). **"It is, of course, clear that, if the deponent does not provide any reasons for a change, then the rule is violated and that procedural defect alone renders the errata sheet improper."** *Id.* at 295 (citing *Wyeth v. Lupin Ltd.*, 252 F.R.D. 295, 296 (D. Md. 2008)) (emphasis added). Lee's failure to include the reasons for her requested changes to the deposition transcript is reason enough to strike the errata sheet. *See id.* at 295-96 (striking errata sheets for failure to contain reasons for the requested changes).

3

Even if Lee had provided the reasons for the requested changes on her errata sheet, it is still proper to strike her proposed substantive changes to her deposition testimony. This Court has adopted the approach of the courts in *Garcia v. Pueblo Country Club*, 299 F.3d 1233 (10th Cir. 2002), *Greenway v. Int'l Paper co.*, 144 F.R.D. 322 (W.D. La. 1992), *Wyeth v. Lypin Ltd.*, 252 F.R.D. 295 (D. Md. 2008), and *Lee v. Zom Clarendon, L.P.*, 689 F. Supp. 2d 814 (E.D. Va. 2010), and **prohibits "substantive changes in what was said at a deposition unless they are shown to be necessary to correct a court reporter's error in reporting what was said."** *E.I. du Pont de Nemours & Co.*, 277 F.R.D. at 297 (emphasis added).

> This approach to the use of errata sheets serves to allow the correction of demonstrated court reporter errors while preserving the fundamental concept that a deponent must give honest and complete answers at the deposition. **It makes no sense to allow a deponent to change sworn testimony merely because after the deposition he wishes that he had said something other than what was said.** Indeed, to adopt such an approach would be to set at naught the efficacy of the deposition process. **Nor can the errata process permitted by Rule 30(e) be used to allow post-deposition revision of testimony to conform a witness' testimony to enhance a party's case.** That too would undermine the purpose for which depositions are allowed under the federal rule.
>
> The purpose of a deposition is to memorialize testimony or to obtain information that can be used at trial or that eliminates the pursuit of issues or that inform decisions as to the future course of the litigation. **One of the main purposes of the discovery rules, and the deposition rules in particular, is to elicit the facts before the trial and to memorialize witness testimony before the recollection of events fade or "it has been altered by . . . helpful suggestions of lawyers." Those purposes are disserved by allowing deponents to "answer questions [at a deposition] with no thought at all" and later to craft answers that better serve the deponent's cause.** Indeed, to allow such conduct makes a mockery of the serious and important role that depositions play in the litigation process.

*Id.* at 297-98 (quoting *Hall v. Clifton Precision,* 150 F.R.D. 525, 528 (E.D. Pa. 1993)) (emphasis added).

In the present case, Lee attempts to make substantive changes to her deposition testimony, presumably to survive the County's Motion for Summary Judgment. In fact, it was

only **after** the County cited these portions of Lee's deposition transcript in support of its Motion for Summary Judgment that Lee submitted her errata sheet outlining the proposed changes.

At page 99, Lee seeks to add the statement that "I didn't trust it" with respect to the grievance process and her explanation as to why she did not file a grievance with the County regarding her allegations of race discrimination. (Ex. B.) More glaringly, at page 142, Lee seeks to **completely contradict** her sworn deposition testimony that she did not believe Paula Reid—the ultimate decision maker in this failure to promote case—intentionally discriminated against her by changing her testimony to say "Yes, I believe it was intentional, but not malicious." (*Id.*) As these are not changes "necessary to correct a court reporter's error in reporting what was said," they cannot be permitted. *See E.I. du Pont de Nemours & Co.*, 277 F.R.D. at 298 (holding that even if the errata sheets had not been stricken for procedural violations they would be disallowed because they exceeded the limits allowed for substantive changes).

### IV.     CONCLUSION

For all of the foregoing reasons, the County of Henrico, by counsel, respectfully requests that this Court grant its motion and strike the substantive changes on Jeanetta Lee's errata sheet.

**HENRICO COUNTY**

By Counsel

/s/
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Attorney(s) for Henrico County
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

## **C E R T I F I C A T E**

  I hereby certify that on the 13th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Christopher E. Brown, Esq.
    VSB No. 39852
    The Brown Firm PLLC
    526 King Street
    Suite 207
    Alexandria, VA 22314
    703-924-0223 - Phone
    703-997-2362 - Fax
    cbrown@brownfirmpllc.com

        /s/_____
        David P. Corrigan (VSB No. 26341)
        Melissa Y. York (VSB No. 77493)
        Attorney(s) for Henrico County
        Harman, Claytor, Corrigan & Wellman
        P.O. Box 70280
        Richmond, Virginia 23255
        804-747-5200 - Phone
        804-747-6085 - Fax
        dcorrigan@hccw.com
        myork@hccw.com