**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| JEANETTA LEE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | Civil Case No.: 3:18-cv-00508-REP |
| ) | |
| HENRICO COUNTY, ) | |
| ) | |
| *Defendant*. ) | |

### PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE

The Plaintiff, Jeanetta Lee ("Lee"), hereby opposes the Motion to Strike the Substantive Changes to her Deposition filed by defendant Henrico County ("Henrico"), and in support thereof submits the following:

### ARGUMENT

Lee explained the reason for the change within the required 30 days – if not on the errata sheet, then in opposing summary judgment (Dkt#40, ¶30), which is consistent with what she stated during her deposition (*See* Henrico Ex A, Dkt# 44-1, p. 142, line 17-21), and again said explanation was made within the 30 day window for making / explaining changes per FRCP 30(e) (deposition was 1.18.19, opposition filed 2.12.19). Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1224 (9th Cir., 2005)("Missing the thirty day deadline by a mere day or two might not alone justify excluding the corrections in every case").

While Henrico characterizes the change as substantive, it cannot be denied that the elements of Title VII, and their burdens of proof, are legal terms with which lay people are not familiar. Lee submits her change is consistent with her position throughout the deposition

1

(addressed more, *infra*) that she does not believe it was done with malice, or to be mean, but it was done on purpose – intentionally. It is worth noting that Henrico, her employer, conducted a video deposition, perhaps not to be "mean", just to make her more nervous. Those are stressful circumstances for an African-American woman who has sued her municipal employer for discrimination.

Lee understands she has filed a claim in federal court, and must stand by and support her claim. However, she asks this Court to understand the situation in which she was placed, and how she handled it, and recognize that the way she expressed herself at that time is consistent with her other deposition testimony as well as the change seen in the errata sheet.

Henrico County, respectfully, seeks to distract this Court from the clear evidence of discrimination – or at least the clear question of fact whether Lee was discriminated against – which allow this case to go to trial whether or not *Reid* "intentionally" discriminated against Lee. For example, Jason Young received tips and advice for the interview from Henrico staff, eg. Michael Dixon of HR, and Lee did not (See Lee Opp to Summary Judgment, Dkt#40, Facts ¶¶41-43) and the fact (read: question of fact) that Young did not meet the minimum requirements for the Risk Manager position, yet was selected over Lee (Id., ¶¶38-40, 44).

The import of those above facts results in the existence of a question of fact that will allow this case to go to trial *whether or not* 'Paula Reid" *intentionally* discriminated against Lee, as the discrimination, as discovery has revealed, is that *Henrico County* (i.e. Dixon, an HR employee working under Reid – see Dkt#40, ¶41) discriminated against Lee, i.e. provided tips, advice and assistance to the white male candidate, and not to the African-American candidate, and the result is the candidate that does not possess the minimum requirements is selected. Thus, even were the jury to accept, during cross examination of Lee by Henrico that she does not believe *Reid*

intentionally discriminated against her, they could still find that *Henrico County* discriminated against Lee.

Again, Lee submits the change is consistent with what she was trying to convey regarding the historical discrimination against African-Americans. The distinction between intentional as a legal term and an element of her Title VII claim – not a statement of the inner thoughts of Reid's mind [which of course in the absence of direct evidence of racism is the mere allegation the actions were intentional] - and malicious is what she was trying to convey via the errata sheet correction. Consider that at trial, it would be inadmissible for Lee to testify as to what Reid's "intentions" were (again, in the absence of direct evidence of racism). Further, similar to its Reply Brief, Henrico is confusing trial – and the requirement that Lee *prove* intentional discrimination (which can be done by merely showing the non-discriminatory reason given is false / a pretext) - with summary judgment, where she need only show there is a question of fact that will get her case to trial.

As noted *supra*, when explaining "intentional" during the deposition (*See* Dkt#44-1, p. 142, line 17-22) Lee references prior testimony after giving the substantive response that Reid did not act intentionally. Lee directs the Court to the following pages of her deposition transcript so that it will better understand what she was trying to convey during her video deposition: *See* Dkt#40-5: Page 100, line 15 – p. 102, line 5 (Lee is clearly testifying she was not chosen because she is black and Young is white, which is "intentional discrimination").

The errata sheet was submitted, timely. The statement / explanation provided in a separate document, but provided nonetheless so one can review the basis for the change (that is the purpose of the statement – *see* Hambleton at 1225 ("the statement permits an assessment concerning whether the alterations have a legitimate purpose). And there is a question of fact that will allow

this case to go to trial regardless of Lee's [inadmissible] thoughts on Reid's "intentions" – did Henrico County discriminate against Lee when it selected a lesser qualified candidate who was able to speak, not to the class specifications, but to the vision of the head of HR, Paula Reid, thanks to receiving tips and advice from an HR employee, Michael Dixon.

The second point raised by Defendants deals with the errata sheet stating she recalls saying something that is not present in the transcript. That is her position and there is no basis to strike that part of the errata. Henrico is free to cross examine on this point at trial.

## I. CONCLUSION

For all the foregoing reasons, Plaintiff, Jeanetta Lee, respectfully requests that the Court deny Defendant's Motion to Strike the Errata sheet. Lee made clear during her deposition that she was not selected because she is black and Young was selected because he is white.

As her deposition testimony reveals, she is not playing fast and loose with the court, nor was she trying to "change" her testimony via the errata sheet. She only means to clarify her understanding of "intentional" as an element of her claim and malicious, as an element necessary to support punitive damages.

Respectfully Submitted,

**JEANETTA LEE,**

By Counsel,

**THE BROWN FIRM PLLC**

_/s/_ _Christopher E. Brown_
Christopher E. Brown, Esq.
VA Bar No.: 39852
526 King Street, Suite 207
Alexandria, VA 22314
T: 703-924-0223
F: 703-997-2362
Email: cbrown@brownfirmpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David P. Corrigan, Esq. VSB No. 26341
Melissa Y. York, Eq. VSB No. 77493
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
T: 804-747-5200
F: 804-747-6085
dcorrigan@hccw.com
myork@hccw.com
*Counsel for Henrico County*

☐Facsimile
☐U.S. First Class Mail
☐Electronic Mail
☐Hand-Delivery
☒CM/ECF

    /s/ *Christopher E. Brown*
Christopher E. Brown, Esq.