IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEANETTA LEE,

   Plaintiff,

v.                                   Case No. 3:18-cv-00508-REP

HENRICO COUNTY,

   Defendant.

## REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE SUBSTANTIVE CHANGES TO ERRATA SHEET

### I.    ARGUMENT

In opposition to the County's Motion to Strike Substantive Changes to Errata Sheet ("Motion"), Jeanetta Lee ("Lee") wholly ignores this Court's reasoned analysis in *E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 277 F.R.D. 286, 297 (E.D. Va. 2011), that the Federal Rules of Civil Procedure prohibit **"substantive changes in what was said at a deposition unless they are shown to be necessary to correct a court reporter's error in reporting what was said."** (emphasis added).

Instead, Lee argues that she was stressed and confused by the "legal terms" in the following question: "Okay. Let me ask you this question going back, with respect to Paula Reid, you don't have any reason to believe that Paula Reid intentionally discriminated against you; do you?" (ECF Doc. 51, at 1-2.) She further argues that the change on her errata sheet—from "No, I do not" to "Yes, I believe it was intentional, but not malicious"—merely makes her testimony "consistent with her position throughout the deposition . . . that she does not believe it was done with malice, or to be mean, but it was done on purpose – intentionally." (*Id.* at 1-2.)

1

This type of change is **exactly** what this Court cautioned against in *E.I. du Pont de Nemours & Co.*

> **It makes no sense to allow a deponent to change sworn testimony merely because after the deposition he wishes that he had said something other than what was said.** Indeed, to adopt such an approach would be to set at naught the efficacy of the deposition process. **Nor can the errata process permitted by Rule 30(e) be used to allow post-deposition revision of testimony to conform a witness' testimony to enhance a party's case.** That too would undermine the purpose for which depositions are allowed under the federal rule.
>
> The purpose of a deposition is to memorialize testimony or to obtain information that can be used at trial or that eliminates the pursuit of issues or that inform decisions as to the future course of the litigation. **One of the main purposes of the discovery rules, and the deposition rules in particular, is to elicit the facts before the trial and to memorialize witness testimony before the recollection of events fade or "it has been altered by . . . helpful suggestions of lawyers." Those purposes are disserved by allowing deponents to "answer questions [at a deposition] with no thought at all" and later to craft answers that better serve the deponent's cause.** Indeed, to allow such conduct makes a mockery of the serious and important role that depositions play in the litigation process.

*Id.* at 297-98 (quoting *Hall v. Clifton Precision,* 150 F.R.D. 525, 528 (E.D. Pa. 1993)) (emphasis added).

As Lee seeks to change her deposition testimony, not to correct the court reporter's error in what was said, but to save her case from herself, the substantive changes must be stricken.

Furthermore, despite this Court's precedent that failure to provide a reason for the change on the errata sheet is a procedural defect that renders the errata sheet improper, *id.* at 295, Lee argues that her changes should be permitted to stand because she explained the reason for the change in Opposition to Summary Judgment, (ECF Doc. 51, at 1). Lee does not cite any case law to support her argument that the reason for the changes need not appear on the errata sheet itself so long as they are made within the 30-day period set forth in Rule 30(e) of the Federal Rules of Civil Procedure. (*See id.*)

In fact, the only case that Lee cites in opposition to the County's Motion supports the County's position.

> **A statement of reasons explaining corrections is an important component of errata submitted pursuant to FRCP 30(e), because the statement permits an assessment concerning whether the alterations have a legitimate purpose.** The magistrate judge was troubled by the deposition corrections' seemingly tactical timing—the corrections were submitted only after [the defendant's] motion for summary judgment was filed—and by their extensive nature. **The absence of any stated reasons for the changes supports the magistrate judge's concern that the "corrections" were not corrections at all, but rather purposeful rewrites tailored to manufacture an issue of material fact regarding [the defendant] and to avoid a summary judgment ruling in his favor.** Under our "sham" affidavit rule, a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony. We think this type of "sham" correction is akin to a "sham" affidavit. **While the language of FRCP 30(e) permits corrections "in form or substance," this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment.** The Tenth and Seventh Circuits have interpreted FRCP 30(e) similarly. We agree with our sister circuits' interpretation of FRCP 30(e) on this point, and hold that Rule 30(e) is to be used for corrective, and not contradictory, changes.

*Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224–26 (9th Cir. 2005) (internal quotations and citations omitted) (emphasis added).

Rule 30(e) requires a party "to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B). This Court requires "strict adherence to the technical requirements of [Rule 30(e)(1)(B)]." *E.I. du Pont de Nemours & Co.*, 277 F.R.D. at 294-95. "[I]f the deponent does not provide any reasons for a change, then the rule is violated and that procedural defect alone renders the errata sheet improper." *Id.* at 295.

Because Lee did not include the reasons for her requested changes on the errata sheet itself, she failed to comply with Rule 30(e)(1)(B), and the Court should strike the substantive changes to the errata sheet.

3

## II. <u>CONCLUSION</u>

For all of the foregoing reasons, as well as those enumerated in the Brief in Support of Motion to Strike Substantive Changes to Errata Sheet, the County of Henrico, by counsel, respectfully requests that this Court grant its motion and strike the substantive changes on Jeanetta Lee's errata sheet.

**HENRICO COUNTY**

By Counsel

/s/
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Attorney(s) for Henrico County
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

# **C E R T I F I C A T E**

I hereby certify that on the 5th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Christopher E. Brown, Esq.
>VSB No. 39852
>The Brown Firm PLLC
>526 King Street
>Suite 207
>Alexandria, VA 22314
>703-924-0223 - Phone
>703-997-2362 - Fax
>cbrown@brownfirmpllc.com

>/s/
>David P. Corrigan (VSB No. 26341)
>Melissa Y. York (VSB No. 77493)
>Attorney(s) for Henrico County
>Harman, Claytor, Corrigan & Wellman
>P.O. Box 70280
>Richmond, Virginia  23255
>804-747-5200 - Phone
>804-747-6085 - Fax
>dcorrigan@hccw.com
>myork@hccw.com