IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEANETTA LEE,

    Plaintiff,

v.                                      Civil Action No. 3:18-cv-508

HENRICO COUNTY,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's MOTION TO STRIKE SUBSTANTIVE CHANGES TO ERRATA SHEET (ECF No. 43) (the "MOTION"). For the reasons set forth on the record at the Final Pretrial Conference, and as set out more fully below, the MOTION will be granted in part and denied in part.

**BACKGROUND**

The MOTION arises in the course of a Title VII race discrimination case in which Jeanetta Lee ("Lee") alleges that Henrico County discriminated against her on the basis of her race when she was not selected for promotion. Lee also alleges that Henrico County retaliated against her in violation of Title VII. See generally Am. Compl. (ECF No. 33). Following her deposition in the case, Lee filed an errata sheet on which she attempted to correct portions of her deposition transcript. See ECF No. 44, Ex. B.

Henrico County objects to two changes made on Lee's errata sheet (ECF No. 44 at 2):

(1) The deposition transcript at page 99 ("the page 99 change") reads as follows:

> Question: "Were you aware that there's a grievance procedure, and do you know whether this concern you had would have been appropriate for filing a grievance?"
>
> Lee's Answer: "I was aware. And it probably would have been appropriate, but I didn't feel comfortable." (Lee dep. 99:5-10, ECF No. 44, Ex. A).
>
> On the errata sheet, Lee states: "I think I also added, I didn't trust it." (ECF No. 44, Ex. B).

(2) The deposition transcript at page 141 ("the page 141 change") reads as follows:

> Question: "Okay. Let me ask you this question going back, with respect to Paula Reid, you don't have any reason to believe that Paula Reid intentionally discriminated against you; do you?"
>
> Lee's Answer: "No, I do not. . . ." (Lee dep. 141:19-142:1, ECF No. 44, Ex. A)
>
> On the errata sheet, Lee states: "Yes, I believe it was intentional, but not malicious." (ECF No. 44, Ex. B).

Henrico County moves to strike both of these changes on the errata sheet. Lee has responded, and the matter is now ripe for decision.

**Fed. R. Civ. P. 30(e)**

In relevant part, Fed. R. Civ. P. 30(e) reads:

> (1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> >
> > (B) if there are changes <u>in form or substance, to sign a statement listing the changes and the reasons for making them</u>.

Fed. R. Civ. P. 30(e)(1)(emphasis added).

Henrico County argues that the page 99 and page 141 changes should be stricken for both procedural and substantive reasons. ECF No. 44 at 3-5. The procedural challenge is that Lee did not follow the requirements of Fed. R. Civ. P. 30(e) because she failed to provide a reason for either of the requested changes. The substantive challenge is that Lee is trying to change her deposition testimony. ECF No. 44 at 4-5. And, according to Henrico County, these changes go beyond correcting typographical errors by the court reporter. See <u>E.I. Du Pont De Nemours & Co. v. Kolon Indus.</u>, 277 F.R.D. 286, 297-98 (E.D. Va. 2011).

Lee argues that, in her brief opposing summary judgment, she did explain the two changes. ECF No. 51 at 1-2. Further, she argues that the proposed changes either seek to clarify her understanding

of "intentional" (an element of her claim) or add testimony she feels the court reporter left out. ECF No. 51 at 2-4.

## DISCUSSION

"[C]ourts generally insist on strict adherence to the technical requirements of [Rule 30(e)]" and "if the deponent does not provide any reasons for a change, then the rule is violated and that procedural defect alone renders the errata sheet improper." Kolon Indus., 277 F.R.D. at 294-95. Further, Rule 30(e) "permit[s]. . .transcription corrections, i.e. the reporter recorded the answer: 'yes' but the deponent actually said 'no.'" Id. at 296 (internal quotations and footnote omitted).

### A. Page 99 Change

Lee has satisfied (but just barely) Rule 30(e)'s requirements for this change. The page 99 change does arguably provide a reason for the proposed change: "I think I also added, I didn't trust it." ECF No. 44, Ex. B. That is both a stated reason (i.e. the court reporter left a portion of my testimony out) for the page 99 change and is an acceptable (i.e. typographical omission) change for Rule 30(e) purposes. Accordingly, the Court denies the MOTION as to the page 99 change.

### B. Page 141 Change

The page 141 change, on the other hand, runs contrary to Rule 30(e), and the MOTION will be granted as to this change. First, the errata sheet provides no explanation for the necessity of the

4

change, and the MOTION must be granted on this ground alone. See Kolon Indus., 277 F.R.D. at 294-95. Lee tries to avoid this result by arguing that her reason was provided in a separate document, her opposition to summary judgment, citing Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1224-26 (9th Cir. 2005).

But, Hambleton does not hold that a separate document can explain an errata sheet change. See id. Indeed, the opinion contradicts Lee's point: "Hambleton Brothers omitted any statement in the deposition errata explaining the corrections, despite the fact that the plain language of the Rule requires that a statement giving reasons for the corrections be included." Id. at 1224 (emphasis added). The Court is aware of no authority for Lee's position, and agrees that the plain text of Rule 30(e) requires the explanation be given on the errata sheet. Accordingly, Lee failed to satisfy the requirements of Rule 30(e).

Second, the page 141 change makes substantive changes to Lee's original deposition testimony. This Court has previously held that: "It makes no sense to allow a deponent to change sworn testimony merely because after the deposition he wishes that he had said something other than what was said. Indeed, to adopt such an approach would be to set at naught the efficacy of the deposition process." Kolon Indus., 277 F.R.D. at 297. Here, Lee completely contradicts her deposition testimony, changing her

answer from "no" to "yes" when asked if she thought she had been intentionally discriminated against. As explained more fully in the Kolon Industries decision, Rule 30(e) does not permit such a change.

**CONCLUSION**

For the reasons set forth above and on the record at the Final Pretrial Conference, Defendant's MOTION TO STRIKE SUBSTANTIVE CHANGES TO ERRATA SHEET (ECF No. 43) will be granted in part and denied in part.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 15, 2019